## IN THE MATTER OF THE APPOINTMENT OF TRUSTEES OF NORTH WILKESBORO ACADEMICAL AND INDUSTRIAL INSTITUTE.

(Filed 14 December, 1932.)

APPEAL from *Cowper, Special Judge,* at August Term, 1932, of WILKES. Affirmed.

This was an *ex parte* application made on 18 August, 1932, to the Superior Court of Wilkes County, North Carolina, before Hon. G. V. Cowper, at that time holding a term of court in Wilkes County, in which the petition herein prayed the appointment of twelve persons therein named as trustees of North Wilkesboro Academical and Industrial Institute.

The court below made the following order: "On the morning of 18 August, 1932, pursuant to a phone message, Cecil A. McCoy called

upon the undersigned judge (who was then holding the August Term, 1932, of Wilkes Superior Court) in his room in the hotel and presented to him the attached petition, together with the attached affidavit of W. F. Trogden, and the two sheets marked 'Resolutions,' and the paper purporting to be a copy of an act of the General Assembly of North Carolina, ratified on 23 February, 1895, all of which papers are hereto attached and filed with the clerk. Counsel thereupon moved and requested the court to sign an order which is also hereto attached. Upon consideration of all the foregoing papers the court being of the opinion that there was no proper proceeding before him nor was he authorized to sign the order presented to him upon the papers above referred to in court, declined to sign such order, and dismissed the purported proceeding."

*Cecil A. McCoy for petitioners.*

PER CURIAM. Section 1, in part, of the act of incorporation (chapter 58, Private Laws N. C., 1895, ratified 23 February, 1895), is as follows: "That (naming them) and their associates and successors, be and they are hereby created and constituted a body politic and corporate under the name and style of 'The North Wilkesboro Academical and Industrial Institute,' for the purpose of erecting, owning, operating and conducting at or near Wilkesboro an academical, industrial and manual training school for colored people," etc.

Section 3, of the charter, is as follows: "That said board of trustees shall have power to employ a superintendent or headmaster of said school and such aids, assistants and employees as they think necessary, to prescribe courses of study and work, provide and furnish farms and workshops for the manual training of pupils and the support of the school, to grant diplomas and certificates to graduates of any department, to charge and collect compensation and fees for the tuition, board and charges of pupils, and for the use of tools and shops."

The brief of petitioner says: "The school has not given instructions at all since about the year 1903. . . . The institute is the owner of 15.18 acres of land situated in Wilkes County with two buildings erected thereon for the education of colored youth."

It goes without saying that all good citizens should be sympathetic with the laudable purposes that the incorporators attempted to promote—an industrial training school for colored people.

Under the facts appearing on the present record, we think there is no error in the order made by the court below. The order of the court below is

Affirmed.